UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| RAMON CERVANTES, ) | | |
| Institutional ID No. 36197-298, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | CIVIL ACTION NO. |
| ) | | 5:13-CV-205-BG |
| K. DIXON, Warden, ) | | ECF |
| *et al.*, ) | | |
| ) | | |
| Defendants. ) | | |

## REPORT AND RECOMMENDATION

Plaintiff Ramon Cervantes is a federal inmate incarcerated at Giles W. Dalby Correctional Facility (Dalby Facility), a private correctional facility operated by Management & Training Corporation under contract with the Federal Bureau of Prisons. He filed this civil rights action *pro se* and *in forma pauperis* complaining of medical care he receives at the prison.

The district court thereafter transferred the case to the undersigned magistrate judge for preliminary screening, and the undersigned required Cervantes to provide responses to a Questionnaire, and he complied. *See Brewster v. Dretke*, 587 F.3d 764, 767–78 (5th Cir. 2009); *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (acknowledging the use of a questionnaire to aid review of a *pro se* litigant's complaint at the preliminary screening stage). Responses to a questionnaire become part of the plaintiff's pleadings, *Berry*, 192 F.3d at 507, and the undersigned considered Cervantes' responses in conjunction with his Complaint. The undersigned also considered authenticated medical records from Dalby Facility.

Based on Cervantes' allegations, the authenticated medical records, and the applicable law, including the preliminary screening standard under 28 U.S.C. § 1915, it is recommended that the district court dismiss this action with prejudice.

I.      **Cervantes' Allegations**

In his Complaint Cervantes asserts generalized allegations that Defendants have acted with deliberate indifference to his serious medical needs, and he attached copies of grievances and sick call requests that provide detail regarding his claims. In the grievances, he claimed that he suffers from a hernia and that medical staff have ignored him and refused to provide treatment. In a grievance dated August 20, 2013, he specifically claimed that he was transferred to the prison on December 7, 2013, and since that time medical staff had done nothing to address his medical condition. In a sick call request he wrote in August 2013, he claimed that staff told him that surgery was ordered to repair his hernia but that it had been delayed since February of that year. He stated that he experienced difficulty walking because of his hernia, wanted to be examined by a specialist, and needed to undergo surgery.

In his responses to the Questionnaire, Cervantes acknowledges that he eventually underwent surgical repair of his hernia. However, he complains that medical staff delayed approving the surgery and that he suffered during the delay. He also alleges that the surgery was inadequate and that he suffered from complications following the surgery. He states that he was examined by several physicians after the surgery who have told him that the physician who performed the surgery committed malpractice. Cervantes asks for injunctive relief as well as a jury trial to determine the issue of damages.

**II.	Discussion**

As an initial consideration, Cervantes filed his Complaint on a form designated for prisoner claims brought pursuant to 42 U.S.C. § 1983.  Section 1983, the vehicle through which prisoners may bring claims regarding their incarceration, "provides a cause of action against state actors who violate an individual's rights under federal law." *Filarsky v. Delia*, - - -U.S.- - -, 132 S. Ct. 1657, 1660, 182 L. Ed. 2d 662 (2012).  Cervantes identifies the Defendants as wardens and medical staff at Dalby Facility, a privately operated prison.  Because all of the Defendants in this action are employed by a private entity rather than the state, they are not amenable to suit under section 1983.

The court must, however, construe a complaint brought *in forma pauperis* liberally, *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994), and because Cervantes alleges constitutional violations that occurred during his incarceration as a federal prisoner, the court should construe his action as a complaint brought pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389–98, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).  *See Stephenson v. Reno*, 28 F.3d 26, 27 n.1 (5th Cir. 1994) (construing federal prisoner's civil rights complaint as an action brought pursuant to *Bivens*).

In *Bivens* the United States Supreme Court first recognized a cause of action for money damages against federal officials alleged to have committed constitutional violations.  403 U.S. at 389.  The purpose of a *Bivens* cause of action is to deter, by threat of suit, federal officers from engaging in unconstitutional acts.  *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001).  But the United States Supreme Court has been reluctant to extend a *Bivens* damages remedy beyond that allowed against federal officers.  *See id.* at 72–74 (declining to extend *Bivens* to allow an implied damages remedy against private entities acting under color of federal law).

As is relevant to this case, the United States Supreme Court has refused to find a *Bivens* remedy against employees of a privately-operated federal prison for a prisoner's claim of deliberate indifference to serious medical needs. *Minneci v. Pollard*, - - -U.S.- - -, 132 S. Ct. 617, 623–26, 181 L. Ed. 2d 606 (2012).  The Court held that where a federal prisoner seeks damages from an individual employed at a privately operated federal prison for alleged conduct that amounts to an Eighth Amendment violation and the conduct is of the sort that typically falls within the scope of traditional state tort law, the prisoner must seek a remedy under state law. *Id.* at 626. As the plaintiff in *Minneci*, Cervantes alleges that employees of a privately-operated federal prison denied him adequate medical care and, as in *Minneci*, state tort law provides an adequate alternative remedy for Cervantes' damages claim.  *Id.* at 625 (acknowledging that Texas tort law imposes general tort duties upon prison employees); *see also Estelle v. Gamble*, 429 U.S. 97, 107, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (acknowledging  remedies available to state prisoners under the Texas Tort Claims Act).  Because Texas tort law provides an adequate alternative remedy, *Bivens* does not authorize Cervantes' action for damages against the Dalby Facility defendant-employees. Accordingly, the claim for damages he asserts in his Complaint is legally frivolous.

On the other hand, federal inmates may sue to enjoin prison officials from violating their constitutional rights. *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993); *see also Malesko*, 534 U.S. at 74 (distinguishing a *Bivens* remedy from a suit for injunctive relief, which has "long been recognized as the proper means for preventing entities from acting unconstitutionally"). Accordingly, injunctive relief may be appropriate if it is determined that prison officials are acting unconstitutionally. *Malesko*, 534 U.S. at 74.

Based on Cervantes' allegations and the authenticated medical records from Dalby Facility, injunctive relief is not appropriate in this case. Cervantes' deliberate indifference claim is based on his allegations that medical staff refused to refer him to a specialist and provide surgery to repair his hernia. However, according to authenticated medical records from Dalby Facility and Cervantes' responses to the Questionnaire, Cervantes was examined by a specialist and underwent surgery after he filed his Complaint. His claim for injunctive relief is therefore moot. *See Harris v. City of Houston*, 151 F.3d 186, 189 (5th Cir. 1998) ("a request for injunctive relief generally becomes moot upon the happening of the event sought to be enjoined").

Although Cervantes complains in his responses to the Questionnaire that medical staff delayed in ordering his surgery, a delay related to medical care does not rise to the level of an Eighth Amendment violation unless there is evidence of deliberate indifference that resulted in substantial harm. *Easter v. Powell*, 457 F.3d 459, 463 (5th Cir. 2006); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). To the extent Cervantes alleges substantial harm as a result of the alleged delay in surgery, he may, as noted above, seek damages in state court. Likewise, Cervantes may seek relief in state court for his allegations that his surgery was "inadequate" and resulted in "several complications" and that the physician who performed the surgery committed malpractice. Such allegations do not demonstrate a violation of the United States Constitution; any remedy to which Cervantes may be entitled for such allegations would lie under state rather than federal law. *Estelle*, 429 U.S. at 105 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

Finally, neither the authenticated medical records nor Cervantes' allegations demonstrate that any employee at Dalby Facility is acting with deliberate indifference to Cervantes' serious medical

5

needs. Cervantes indicates in his responses to the Questionnaire that "several doctors" have examined him since his surgery. Resp. 2. In fact, according to the authenticated medical records, since Cervantes underwent surgical repair of his hernia in November 2013, medical staff, including the surgeon who performed the surgery, have examined Cervantes. In addition, he has undergone a sonography of the surgical repair site, been restricted to no lifting and assigned to no work, and prescribed pain medication for a build up of fluid at the surgical site. In short, the authenticated medical records, which show that medical staff is providing Cervantes with ongoing and responsive medical care, would rebut any allegation to the contrary. *See Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (acknowledging that authenticated medical records may rebut an inmate's allegations of deliberate indifference).

### III.   Recommendation

Based on the discussion in this Report and Recommendation, the undersigned recommends that the district court dismiss this action. The undersigned further recommends that any pending motions be denied as moot and that this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996) (setting forth the standard for assessing strikes under the Prison Litigation Reform Act).

### IV.   Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2014); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place

in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

  Dated:  September 12, 2014.

                NANCY M. KOENIG
                United States Magistrate Judge